NOTICE
Decision filed 12/15/22. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

2022 IL App (5th) 210221-U

NO. 5-21-0221

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

NOTICE
This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Jefferson County. |
| | ) | |
| v. | ) | No. 20-CF-361 |
| | ) | |
| KENDRICK L. FEGGINS, | ) | Honorable |
| | ) | Jerry E. Crisel, |
| Defendant-Appellant. | ) | Judge, presiding. |

_____

JUSTICE WELCH delivered the judgment of the court.
Justices Cates and Moore concurred in the judgment.

**ORDER**

¶ 1    *Held:* The defendant's claim for ineffective assistance of counsel failed where counsel's performance was not deficient and thus did not violate his sixth amendment right to counsel.

¶ 2    The defendant, Kendrick Feggins, was found guilty of home invasion (720 ILCS 5/19-6(a)(2) (West 2020)) in the circuit court of Jefferson County on February 25, 2021. Subsequently, the defendant was sentenced to 20 years' confinement in the Illinois Department of Corrections with 3 years of mandatory supervised release (MSR). The defendant now appeals his sentencing based on ineffective assistance of counsel. For the following reasons, we disagree and affirm the circuit court's sentence.

1

¶ 3                        I. BACKGROUND

¶ 4    After a jury trial, the defendant was convicted of home invasion on February 25, 2021. Thereafter, the trial court held a sentencing hearing on June 24, 2021. The court noted at the outset that it read and considered the presentence investigation (PSI) report and the financial impact of incarceration. Neither party had an objection to this. The State then presented evidence in aggravation.

¶ 5    As evidence in aggravation, the State first called Officer Jeremy Reichart of the Mt. Vernon Police Department. Officer Reichart testified that on December 1, 2020, he investigated a shooting. Reichart received a call that day that a car was shot at by someone in another vehicle. He also testified that all the victims identified the defendant as the person who shot at them. The defendant was later charged for this separate offense. On cross-examination, defense counsel asked Reichart if any of the victims reported any injuries with respect to the shooting, to which he testified no.

¶ 6    The State next called Ashton Felty, who testified that she had a prior relationship with the defendant and currently has two children with him. She testified about injuries she suffered during the home invasion incident on December 5, 2020, and she recalled testifying at the defendant's trial. On cross-examination, defense counsel asked Felty how many days she took off work as a result of her injuries, to which she responded, "three or four days." He also asked whether she had consulted a neurologist as recommended to her, and she stated she had not. Finally, he asked her how long she was in the hospital for her injuries, and Felty responded that it was less than a full day.

¶ 7    The State then submitted the victim impact statement of Devin Bruns, which was also admitted without objection, and the trial court took judicial notice of the defendant's trial without

objection. The victim impact statement stated that Felty was "beaten to almost death" by the defendant. The court then asked defense counsel if he had anything to offer as to mitigation. Defense counsel stated that the defendant had asked him to read the defendant's allocution statement. The State did not object. Defense counsel also stated that in terms of mitigating evidence, he would not be presenting anything else.

¶ 8      In aggravation, the State argued three factors applied: history of prior criminal activity, necessity to deter others, and that the incident occurred while the defendant was on probation. The State also asked the trial court to find both "great bodily harm" and "severe bodily harm." The State subsequently asked for a 30-year sentence and explained that a finding of "severe bodily harm" would matter if the defendant is later found guilty on other counts as it would mandate consecutive sentencing, and that a finding of "great bodily harm" would require the defendant to serve 85% of his sentence.

¶ 9      The trial court then asked the State about defense counsel's argument regarding whether the court was the proper fact finder to make the determination as to bodily harm. The State's position was that the Illinois case law did not support that conclusion (a point which defense counsel acknowledged). Defense counsel then offered argument in support of this contention that the court could not make this determination and objected as a matter of law and fact. Ultimately, the court rejected defense counsel's position.

¶ 10      Next, defense counsel explained that he would not be arguing mitigating factors he would ordinarily bring to the trial court's attention because the defendant maintained his plea of not guilty and would be seeking an appeal. Specifically, defense counsel stated:

> "But the point of all that is, ordinarily, I would argue to the Court what I believe to be relevant factors in mitigation. In light of the position that the defendant has staked out, and this Defendant's intent to take an appeal on this case, the factors in mitigation argument that I ordinarily make is not applicable today, your Honor."

¶ 11    He also argued that the maximum sentence of 30 years was inappropriate here and asked for a minimum sentence of 6 years. Finally, defense counsel read the defendant's allocution statement to the trial court on the defendant's behalf. After considering the aggravating factors, the evidence presented, including the PSI report and the victim impact statement, the trial court sentenced the defendant to 20 years' imprisonment at 85% with 3 years of MSR, and admonished the defendant as to his rights to appeal.

¶ 12    The defendant subsequently filed a motion to reconsider his sentence. At the hearing on the motion, the court denied it, stating in relevant part:

> "The Court was the trial judge in this case. I saw and heard all of the evidence presented, and I did preside over the sentencing hearing. The Court believes that I did take up and consider factors in mitigation appropriately and factors in aggravation, and I made the appropriate findings there. Um, the Court does not feel that I failed to recognize Defendant's potential for rehabilitation. I think everyone has a potential for rehabilitation. I think in this case though the nature of the charges and history of the Defendant justify the sentence. I don't believe the sentence was excessive under the Eighth Amendment to the Constitution or under the law. So, that will be the Court's ruling, and the motion is denied."

¶ 13    This appeal followed.

¶ 14                                          II. ANALYSIS

¶ 15    On appeal, the defendant argues he received ineffective assistance of counsel at his sentencing hearing as his defense counsel failed to make any argument or present any evidence for mitigation because defense counsel believed he could not do so due to the defendant's choice to maintain his innocence and pursue an appeal.

¶ 16    The "Sixth Amendment right to counsel exists, and is needed, in order to protect the fundamental right to a fair trial." *Strickland v. Washington*, 466 U.S. 668, 684 (1984). Furthermore, " 'the right to counsel is the right to the effective assistance of counsel.' " *Id.* at 686 (quoting *McMann v. Richardson*, 397 U.S. 759, 771 n.14 (1970)). Claims for ineffective assistance

4

of counsel may be pursued on direct appeal, and reviewing courts consider the claims on a case-by-case basis. *People v. Veach*, 2017 IL 120649, ¶ 48.

¶ 17    A claim asserting ineffective assistance of counsel is governed by the standard set forth in *Strickland*, 466 U.S. at 687.  To prevail on such a claim, a defendant must satisfy two prongs: first, that counsel's performance was deficient, and second, that the deficient performance resulted in prejudice to the defendant.  *Id.*  In seeking to establish ineffective assistance of counsel, a defendant must show "that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment" and "that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable."  *Id.*  In order to prevail on a claim of ineffective assistance of counsel, both prongs of the *Strickland* standard must be satisfied.  *Id.*  However, if counsel entirely fails to subject the prosecution's case to meaningful adversarial testing, then the court may presume prejudice.  *People v. Cherry*, 2016 IL 118728, ¶ 23 (citing *United States v. Cronic*, 466 U.S. 648, 659 (1984)).

¶ 18    The defendant first argues that defense counsel's performance at his sentencing hearing was deficient such that it amounted to a complete failure to represent him, and therefore, the trial court should presume prejudice under *Cronic*.  Second, the defendant argues that, even if *Cronic* does not apply, the court should still find that both prongs of the *Strickland* test are met.  Because we find that the record does not demonstrate that counsel's performance was deficient, we disagree with the defendant's contentions.

¶ 19    The defendant asserts that defense counsel's performance at the sentencing hearing was deficient as counsel failed to present any factors in mitigation.  The defendant contends this was due to a mistaken belief that counsel could not do so because the defendant was maintaining his

5

plea of not guilty. However, this is not what is reflected in the record. At the sentencing hearing, defense counsel stated:

> "But the point of all that is, ordinarily, I would argue to the Court what I believe to be relevant factors in mitigation. In light of the position that the defendant has staked out, and this Defendant's intent to take an appeal on this case, the factors in mitigation argument that I ordinarily make is not applicable today, your Honor."

¶ 20 Nothing about this statement demonstrates that defense counsel believed he was prohibited from providing any argument or evidence of factors in mitigation. Instead, it shows that what counsel may have ordinarily provided, he would not provide here because it might have conflicted with the defendant's plea of not guilty and his pursuit of an appeal. The defendant also argues that defense counsel failed to investigate any mitigating factors; however, this is unsupported by the record we have before us. Moreover, at the sentencing hearing, defense counsel cross-examined Officer Reichart and Ashton Felty.

¶ 21 Defense counsel provided argument (although ultimately rejected) that the judge was the incorrect fact finder to make a determination of bodily harm at a sentencing hearing and argued that Felty's injuries did not sufficiently support such a finding. Defense counsel also read the defendant's allocution statement on his behalf to the trial court. In the statement, the defendant reiterated he maintained his innocence and asked the court to consider his disabilities, the impact his incarceration could have on his children, and his lack of a criminal history.

¶ 22 The defendant argues that defense counsel could have mentioned this learning disability as a mitigating factor, and that the failure to do so is evidence that defense counsel's performance was deficient. However, the disability was mentioned in both the allocution statement and the PSI report, and the trial court stated it considered both pieces of evidence. Thus, this argument fails to show that defense counsel's performance fell short. Defense counsel cannot be faulted for failing to introduce mitigation evidence that was already contained in the PSI report. *People v. Griffin*,

178 Ill. 2d 65, 87 (1997). The defendant also argues that defense counsel could have pointed to the defendant's lack of alcohol and drug usage. But, like the disability, this information was in the PSI report.

¶ 23 Defense counsel requested that the court reject the maximum sentence and instead implement the minimum of six years based on the trial evidence, the defendant's allocution statement, the defendant's age, the totality of his criminal history, and the defendant's makeup as reflected in the PSI report.

¶ 24 It cannot be said from these facts that defense counsel abandoned his client at the sentencing hearing, nor did counsel's performance fall below an objective standard of reasonableness. Therefore, we do not find that defense counsel provided ineffective assistance of counsel. Because we do not find counsel's performance to be deficient, we do not need to address whether any prejudice occurred under either *Cronic* or *Strickland*.

¶ 25                                III. CONCLUSION

¶ 26 Accordingly, we affirm the 20-year sentence imposed by the trial court.


¶ 27 Affirmed.